UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VENUS WILBOURN,

        Plaintiff,

v.

CARAVAN FACILITIES
MANAGEMENT, LLC,

        Defendant.
_____/

Case No. 20-cv-10766

Paul D. Borman
United States District Judge

**<u>OPINION AND ORDER:
(1) GRANTING DEFENDANT'S MOTION TO SET ASIDE DEFAULT
PURSUANT TO FED. R. CIV. P. 55(C) (ECF NO. 9);
(2) SETTING ASIDE THE CLERK'S JUNE 16, 2020 ENTRY OF DEFAULT
(ECF NO. 5);
(3) DENYING AS MOOT PLAINTIFF'S MOTION FOR ENTRY OF
DEFAULT JUDGMENT AND PLAINTIFF'S AMENDED MOTION FOR
ENTRY OF DEFAULT JUDGMENT (ECF NOS. 6, 7); AND
(4) ORDERING THIS MATTER REFERRED TO FACILITATIVE
MEDIATION PURSUANT TO E.D. MICH. L.R. 16.4</u>**

        This matter is before the Court on Defendant Caravan Facilities Management, LLC's Motion to Set Aside Default (ECF No. 9), and Plaintiff Venus Wilbourn's Motion for Entry of Default Judgment and Amended Motion for Entry of Default Judgment (ECF Nos. 6, 7). Defendant's Motion to Set Aside Default has been fully briefed. The Court does not believe that oral argument will aid in its disposition of the motions; therefore, it is dispensing with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). For the reasons stated below, the Court

GRANTS Defendant's Motion to Set Aside Default, DENIES AS MOOT Plaintiff's Motion for Entry of Default Judgment and Amended Motion for Entry of Default Judgment, and ORDERS this matter referred to facilitative mediation pursuant to E.D. Mich. L.R. 16.4.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On March 23, 2020, Plaintiff Venus Wilbourn ("Plaintiff") filed a Complaint against her former employer, Defendant Caravan Facilities Management, LLC ("Defendant"), asserting claims for violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*. (ECF No. 1, Complaint.) On or about May 21, 2020, Plaintiff served Defendant's resident agent, Cogency Global, Inc., via personal service. (ECF No. 3) Accordingly, Defendant's answer was due on or before June 11, 2020. (*Id.*)

According to Defendant, it "misidentified the Complaint as an Order for Garnishment for an employee and routed it to the payroll department for processing." (ECF No. 9, Def.'s Mot. Set Aside at p. 2, PgID 65.) Defendant's payroll department "was unclear as to the nature of the document and it continued to be re-routed through company departments." (*Id.*)

2

Defendant did not timely file an answer to Plaintiff's Complaint, and on June 16, 2020, Plaintiff filed a Request for Clerk's Entry of Default (ECF No. 4), which was granted that same day. (ECF No. 5, Clerk's Entry of Default.)

Plaintiff filed a Motion for Entry of Default Judgment Against Defendant Caravan Facilities Management, LLC Pursuant to Rule 55(b) on July 3, 2020. (ECF No. 6, Pl.'s Mot. Def. J.) Plaintiff then filed an Amended Motion for Entry of Default Judgment Against Defendant Caravan Facilities Management, LLC Pursuant to Rule 55(b) on July 7, 2020. (ECF No. 7, Pl.'s Amended Mot. Def. J.) In Plaintiff's Amended Motion, she specifies the damages she is seeking pursuant to her FMLA claim and her ADA claim, recognizing that there are statutory caps placed on claims filed pursuant to the ADA. (*Id.* at pp. 14-15, PgID 55-56.)

On July 27, 2020, counsel for Defendant entered an appearance in this matter. (ECF No. 8.) Defendant then filed a Motion to Set Aside Default Judgment on August 10, 2020. (ECF No. 9, Def.'s Mot. Set Aside.) Plaintiff responded in opposition to Defendant's motion on August 25, 2020, arguing that Defendant has failed to demonstrate good cause to set aside the default. (ECF No. 10, Pl.'s Resp.) On September 1, 2020, Defendant filed a reply brief in support of its Motion (titled a "Response to Plaintiff's Opposition to Defendant's Motion to Set Aside Default"),

arguing that it has established good cause to set aside the default. (ECF No. 11, Def.'s Reply.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 55(b)(2) provides that a party that has obtained a Clerk's Entry of Default must apply to the Court for a default judgment in all cases other than cases seeking a sum certain or a sum that can be made certain by computation. Fed. R. Civ. P. 55(b)(2). Upon entry of a default, all well-pleaded allegations of the complaint regarding liability are accepted as true. *See Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 846 (E.D. Mich. June 9, 2006).

Federal Rule of Civil Procedure 55(c) provides that "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). Rule 60(b) provides that a court may set aside a final judgment, order or proceeding for certain enumerated reasons including "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).

The Sixth Circuit has explained that courts must consider the following three factors under both Rules to determine whether good cause exists: (1) whether culpable conduct of the defendant led to the default, (2) whether the defendant has any meritorious defenses, and (3) whether the plaintiff will be prejudiced by setting aside the default. *See Burrell v. Henderson*, 434 F.3d 826, 831-32 (6th Cir. 2006)

4

(citation omitted); *United Coin Meter Co. v. Seaboard Coastline R.R.,* 705 F.2d 839, 844 (6th Cir. 1983). Even so, "the standard for applying [the three factors] to a motion to set aside a final judgment under Rule 60(b) is more demanding than their application in the context of a motion to set aside an entry of default under Rule 55(c)." *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 839 (6th Cir. 2011). The Sixth Circuit has explained the differences between the Rule 55(c) "good cause" standard and Rule 60(b) standard as follows:

> Once a defendant fails to file a responsive answer, he is in *default,* and an entry of *default* may be made by either the clerk or the judge. A *default judgment* can be entered by the clerk only if a claim is liquidated, or if a claim is unliquidated, by the judge after a hearing on damages. A *default* can be set aside under rule 55(c) for "good cause shown," but a default that has become final as a *judgment* can be set aside only under the stricter rule 60(b) standards for setting aside final, appealable orders.

*Dassault Systemes*, 663 F.3d at 839 (quoting *Shepard Claims Serv. Inc. v. William Darrah & Assocs.,* 796 F.2d 190, 194 (6th Cir. 1986)) (emphasis in original)). The more stringent Rule 60(b) standard does not apply unless "the court has determined damages and a judgment has been entered." *Dassault Systemes*, 663 F.3d at 839 (quoting *O.J. Distrib., Inc. v. Hornell Brewing Co.,* 340 F.3d 345 (6th Cir. 2003)). Here, there has been neither a final judgment entered nor any money

5

damages awarded. The Court will therefore evaluate the three factors under the less strict "good cause" standard of Rule 55(c).

"Rule 55(c) leaves to the discretion of the trial judge the decision whether to set aside an entry of default." *Shepard Claims Serv.*, 796 F.2d at 193; *SEC v. Merkilinger*, 489 F. App'x 937, 939 (6th Cir. 2012) (noting that "the district court enjoys considerable latitude to grant a defendant relief from a default entry"). As a general rule, Sixth Circuit decisions on Rule 55(c) motions to set aside default are "extremely forgiving to the defaulted party and favor a policy of resolving cases on the merits instead of on the basis of procedural missteps." *United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 322 (6th Cir. 2010) (collecting cases). "Any doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits," *United Coin*, 705 F.2d at 846, and the Court must "'construe[] all ambiguous or disputed facts in the light most favorable to the defendant[],' resolving any doubts in his favor." *Deasault Systemes*, 663 F.3d at 841 (citing *INVST Fin. Grp., Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 398 (6th Cir. 1987)) (alternations in original)).

## III. ANALYSIS

### A. Defendant's Motion to Set Aside Default (ECF No. 9)

Defendant contends that this Court should set aside the Clerk's entry of default because it did not act in bad faith or engage in culpable conduct, it has meritorious defenses to Plaintiff's claims, and that setting aside the default will not prejudice Plaintiff. (Def's. Mot. Set Aside at pp. 5-11, PgID 68-74.) Plaintiff argues in response that Defendant was properly served and that it has failed to show good cause to set aside the default and has made only conclusory, unsupported assertions in support of its motion. (Pl.'s Resp. at pp. 3-10, PgID 88-94.)

The Court starts with the understanding that "[j]udgment by default is a drastic step which should be resorted to only in the most extreme cases," and that there is a strong preference for deciding cases on the merits rather than by default. *United Coin*, 705 F.2d at 845-46; *Shepard Claims Serv.*, 796 F.2d at 193. With that principle in mind, the Court turns to the three factors to be considered in determining whether to set aside an entry of default.

#### 1. Whether Defendant engaged in willful or culpable conduct

Turning to the first factor that must be considered – whether the default is the result of culpable conduct – a defendant's conduct leading to a default is willful or culpable if the defendant "display[s] either an intent to thwart judicial proceedings

7

or a reckless disregard for the effect of its conduct on those proceedings." *See Dassault Systemes*, 663 F.3d at 841 (citing *Shepard Claims Serv.*, 796 F.2d at 194). "[M]ere negligence or failure to act reasonably is not enough to sustain a default." *$22,050.00 U.S. Currency*, 595 F.3d at 327.

Defendant argues that it did not act in bad faith or with conduct justifying entry of default. (Def's. Mot. Set Aside at pp. 7-8, PgID 70-71.) Defendant contends that it is "a victim of [its] own legal ineptness" and that its failure to respond to the Complaint "was due to a simple error" because it "mistakenly" identified the Complaint as an Order of Garnishment, and forwarded it to the payroll department, which then forwarded the Complaint to "yet another department." (*Id.* at pp. 5, 7, PgID 68, 70.) Defendant asserts that the Complaint "was not correctly identified until it was tracked down due to the notice from the Court of the default," and that Defendant "[i]mmediately thereafter … sent an email to Plaintiff's attorney advising that legal counsel has notice of the Default and requested that it be set aside so Defendant can have their day in court and can file a responsive pleading." (*Id.* at p. 8, PgID 71.) Defendant contends that it "even sent Plaintiff's attorney a Stipulation to Set Aside the Default," but "Plaintiff's counsel would not consent." (*Id.*) Defendant states also that it was represented by its counsel, Hanover Law Group, in the prior proceedings Plaintiff filed against Defendant with the Equal Employment

8

Opportunity Commission ("EEOC") involving this same matter, and questions why Plaintiff did not notify this counsel before requesting the default. (*Id.* at p. 2, PgID 65.)

Plaintiff argues in response that Defendant has offered no evidence to support the factual assertions in its motion, such as an affidavit, or any "statement as to when the document was sent to the payroll department, and to whom it was sent," and that it "does not seem plausible that one could mistake the [Complaint and Jury Demand] for an 'Order of Garnishment.'" (Pl.'s Resp. at pp. 4-5, PgID 89-90.) Plaintiff asserts that Defendant is "entirely at fault for the default" and that "[i]t was only after Plaintiff's counsel filed and served a Motion for Entry of Default Judgment, that Defendant finally contacted Plaintiff's counsel" in late July 2020. (*Id.* at pp. 5-7, PgID 90-92.)

As explained above, the Court must "'construe[] all ambiguous or disputed facts in the light most favorable to the defendant[],' resolving any doubts in his favor." *Dassault Systemes*, 663 F.3d at 841 (citing *INVST Fin. Grp.*, 815 F.2d at 398) (alternations in original)). While Defendant's conduct here is certainly not blameless, in light of the Sixth Circuit's direction that "[a]ny doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits," *United Coin*, 705 F.2d at 844-45, and taking the asserted

9

facts in the light most favorable to Defendant, the Court concludes that Defendant's behavior fails to rise to the level of the particularly culpable conduct required to deny a motion to set aside the default. Defendant admits that its registered agent was served and that its failure to file responsive pleadings in this matters was due to its "own legal ineptness" and "the result of excusable neglect and mistake." (Def.'s Mot. at pp. 4, 7, PgID 67, 70.) There is no evidence that Defendant sought to evade service or that it "display[ed] either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *See Dassault Systemes*, 663 F.3d at 841 (citing *Shepard Claims Serv.*, 796 F.2d at 194). Further, Defendant filed its Motion to Set Aside Default within a reasonable time after Plaintiff filed her Motion for Default Judgment, which "also weighs against the district court's finding that [Defendant] was intentionally disrespectful of the court proceedings." *Id.* (citing *Shepard Claims Serv.*, 796 F.2d at 194). Defendant's admitted "mere negligence or failure to act reasonably is not enough to sustain a default." *$22,050.00 U.S. Currency*, 595 F.3d at 327. Resolving any doubt in favor of the motion to set aside the default, the Court finds that Defendant did not exhibit a reckless disregard for the judicial proceedings, and that this factor weighs in favor of granting Defendant's motion.

### 2. Whether Plaintiff will be Prejudiced

The Court next considers whether Plaintiff will be prejudiced by setting aside the default. *United Coin*, 705 F.2d at 845. It is Plaintiff's burden, in opposing the motion to set aside the clerk's entry of default, to point to, if not prove, some kind of negative impact resulting from Defendant's failure to timely file an answer, which in turn is something more than delay itself. *Thompson v. Am. Home Assurance Co.*, 95 F.3d 429, 433 (6th Cir. 1996). This is because "[m]ere delay in satisfying a plaintiff's claim, if it should succeed at trial, is not sufficient prejudice to require denial of a motion to set aside a default judgment" because every default that has ever been set aside has necessarily embraced some delay in the proceedings. *United Coin*, 705 F.2d at 845. "Nor does increased litigation cost generally support entry of default." *Dassault Systemes*, 663 F.3d at 842. Rather, the prejudice inquiry focuses on "the *future* prejudice that will result from reopening the judgment, *not* prejudice that has *already resulted* from defendant's conduct." *Id.* (emphases added, citation omitted). For example, a delay "must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *Id.* (citing *INVST Fin. Grp.*, 815 F.2d at 398).

Defendant contends that there is no prejudice because "Plaintiff has expended no significant time or money in reliance upon taking the default and default judgment

11

in this matter," and that "immediately upon learning of the default[,] Defendant's counsel sent an email to Plaintiff's attorney asking to set aside the default and stop entry of the default judgment to avoid the necessity of having to bring this matter before the Court via a Motion request," but Plaintiff's counsel "refused causing the necessity of this Motion." (Def.'s Mot. Set Aside at p. 10, PgID 73.) Defendant asserts that any delay in the proceedings "will not result in loss of evidence," "will not result in increased difficulties of discovery or impose any added difficulties on the Court's docket since the Scheduling Order has not yet been entered," and "[t]he short delay will not result in greater opportunity for fraud or collusion." (*Id.* at p. 11, PgID 74.)

Plaintiff argues that "[t]his case presents a situation of inexcusable neglect on the part of the Defendant and it was only after the Defendant was apprised of the Default by the Court, [that] Defendant finally realized it failed to respond to the Complaint in a timely manner." (Pl.'s Resp. at p. 10, PgID 94.) Plaintiff contends "the longer this matter drags on, the less likely it will be [that] the Defendant will have the ability to satisfy Plaintiff's claim should a judgment be entered against it." (*Id.*)

Plaintiff's argument is simply another way of stating that setting aside the entry of default would delay the relief it seeks or, in other words, would cause a

12

"[m]ere delay in satisfying" its claim. Such a claim is insufficient to demonstrate prejudice sufficient to deny setting aside a default. *See Dassault Systemes*, 663 F.3d at 842; *United Coin*, 705 F.2d at 845. Plaintiff does not allege that Defendant's actions have caused a loss of evidence, increased difficulties with discovery, or created greater opportunity for fraud and collusion. Accordingly, the Court finds that this factor weighs in favor of setting aside the entry of default.

### 3. Whether Defendant Has Stated a Meritorious defense

The Court next considers whether Defendant has advanced meritorious defenses. *United Coin*, 705 F.2d at 845. "[I]n order to establish a 'meritorious defense,' the defendant must state 'a defense good at law' which is sufficient if it contains 'even a hint of a suggestion which, if proven at trial, would constitute a complete defense.'" *Thompson*, 95 F.3d at 434 (citing *INVST Fin. Grp.*, 815 F.2d at 398-99). The defendant does not have to demonstrate a likelihood of success on the merits; rather, this inquiry focuses on "the determination of whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *See South Elec. Health Fund v. Bedrock Servs.*, 146 F. App'x 772, 777 (6th Cir. 2005); *Dassault Systemes*, 663 F.3d at 843. The test, therefore, is "not whether the defendant will win at trial, but rather whether the facts alleged by the defendant would constitute a meritorious defense if true." *In re Park*

13

*Nursing Ctr., Inc.*, 766 F.2d 261, 264 (6th Cir. 1985). A defense need not be supported by detailed factual allegations to be deemed meritorious. *$22,050.00 U.S. Currency*, 595 F.3d at 326. "Thus, even conclusory assertions may be sufficient to establish the 'hint of a suggestion' needed to present a meritorious defense." *Dassault Systemes*, 663 F.3d at 843 (citation omitted).

Plaintiff has asserted claims against Defendant under the FMLA and ADA. (Compl.) Defendant argues, in support of its claim that it has meritorious defenses to Plaintiff's claims, that:

> Defendant's defense is that it did not properly recognize the Complaint as a court pleading that required a response. As soon as Defendant was aware of the mistake, counsel was notified to immediately remedy the situation.
>
> Defendant also has defenses in that it denies each and every allegation in the Plaintiff's Complaint. Defendant will answer and contest liability for the alleged claims, alleged damages, and alleged allegations against them [sic]. Defendant respectfully requests additional time to file a responsive pleading. The truth or falsity of these allegations should be decided after adequate time for discovery.

(Def.'s Mot. Set Aside at p. 9, PgID 72.)

Plaintiff argues in response that "although the Defendant summarily states it has a meritorious defense; it fails to explain their [sic] defenses beyond stating that the Defendant failed to recognize the Complaint as a Complaint and the Defendant has defenses to Plaintiff's allegations," but that "Defendant failed to articulate any

14

type of defense to the underlined [sic] cause of action in its Motion to Set Aside Default." (Pl.'s Resp. at p. 7, PgID 92.) Plaintiff argues that Defendant therefore has waived this argument. (*Id.* at p. 8, PgID 93.)

As explained above, in order to establish a meritorious defense for purposes of setting aside a default, the defendant must simply advance a defense "good at law," not necessarily one that will likely succeed. *United Coin Meter Co.*, 705 F.2d at 845. But, in the context of a motion to set aside a default judgment, the Sixth Circuit has held that "general denial[s]" alone, without even a "suggestion" of supporting evidence, do not suffice to establish the existence of a meritorious defense. *Smith v. Comm'r of Internal Revenue*, 926 F.2d 1470, 1480 (6th Cir. 1991) (internal quotation marks and citation omitted); *see also Clarendon Ltd. v. Foster*, 7 F.3d 232, No. 92-5626, 1993 WL 339703, at *7 (6th Cir. Sept. 2, 1993) (noting that the defaulted party "did not address any means by which he would dispute the allegations in the complaint other than to deny them generally" and "[a]lthough in an answer general denials normally are enough to raise a meritorious defense, the moving party on a motion to reopen a default must support its general denials with some underlying facts.") (quoting *Sony Corp. v. Elm State Elec.,* 800 F.2d 317, 320-21 (2d Cir.1986)). Applying these principles, the Court finds that Defendant has failed to sufficiently articulate a meritorious defense to Plaintiff's

15

ADA and FMLA claims, other than its conclusory assertion that it "has defenses in that it denies each and every allegation in the Plaintiff's Complaint." Defendant's counsel is skating on thin ice.

However, given that the Court finds that the other two factors discussed above weigh in favor of setting aside the default, and recognizing that the Sixth Circuit "favor[s] a policy of resolving cases on the merits instead of on the basis of procedural missteps," *$22,050.00 U.S. Currency*, 595 F.3d at 322, the Court finds that Defendant's failure to articulate meritorious defenses to Plaintiff's ADA and FMLA claims, alone, will not preclude setting aside the default in this case. *See Cave v. Sentry Credit, Inc.*, No. 13-10838, 2013 WL 1843970, at *2 (E.D. Mich. May 1, 2013) ("Even though Defendant has failed to provide details about its meritorious defense, the other two factors weigh heavily in Defendant's favor. The delay in responding was not purposeful and Plaintiff suffered no prejudice from it. As such, this Court finds that the entry of default should be set aside."); *see also Simmons v. City of Southfield*, No. 19-11726, 2020 WL 1868774, at *5 (E.D. Mich. Jan. 27, 2020) ("Raising a defense that the plaintiff failed to state a claim on which relief can be granted is a defense that is good at law.") (citation omitted).

Accordingly, given the Court's findings of a lack of willful or culpable conduct on the part of Defendant and absence of prejudice to Plaintiff, and the

16

preference that exists in the Sixth Circuit for deciding cases on the merits, the Court **GRANTS** Defendant's Motion to Set Aside Default (ECF No. 9) and orders that the Clerk's entry of default (ECF No. 5) be set aside.

### B. Plaintiff's Motion for Entry of Default Judgment and Amended Motion for Entry of Default Judgment (ECF Nos. 6, 7)

Because the Court grants Defendant's Motion to Set Aside Default, and the June 16, 2020 entry of default (ECF No. 5) is set aside, Plaintiff's motion for entry of default judgment and her amended motion for entry of default judgment (ECF Nos. 6, 7) are **DENIED AS MOOT**.

### IV. CONCLUSION

Accordingly, for the reasons set forth above, the Court **ORDERS** that:

(1) Defendant's Motion to Set Aside Default (ECF No. 9) is **GRANTED**;

(2) the Clerk's entry of default (ECF No. 5) is **SET ASIDE**; and

(3) Plaintiff's Motion for Entry of Default Judgment and Amended Motion for Entry of Default Judgment (ECF Nos. 6, 7) are **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that Defendant must respond to Plaintiff's Complaint within **fourteen (14) days** of this Order.

The Court **FURTHER ORDERS** that this matter is referred to facilitative mediation pursuant to E.D. Mich. L.R. 16.4. The parties shall select a Facilitator of their choice, and shall inform the Court no later than **December 21, 2020** of their

selection of a Facilitator as well as an estimated date by which facilitation may be expediently completed.

IT IS SO ORDERED.

                                                s/Paul D. Borman
                                                Paul D. Borman
                                                United States District Judge

Dated:  December 1, 2020